UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PATRICK GUILLORY, JR. (#587254)**     **CIVIL ACTION**

**VERSUS**     **NO. 18-846-SDD-EWD**

**ATTORNEY GENERAL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PATRICK GUILLORY, JR. (#587254)**　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**NO. 18-846-SDD-EWD**

**ATTORNEY GENERAL, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's "Movement for Summery [sic] Judgment or some other form of conclusion based on solid evidence" ("Motion"),[1] which this Court construes as a Motion for Summary Judgment. Finding that the motion is premature and fails to conform with the local rules, the undersigned recommends the Motion be denied.

Plaintiff instituted this action on or about September 17, 2018.[2] It appears as though Plaintiff is making a claim that his Eighth Amendment right to be free from cruel and unusual punishment has been and is being violated by Defendants due to their failure to protect Plaintiff from other inmates.[3]

Plaintiff's Motion is premature, having been filed prior to any service upon Defendants, prior to an answer, and prior to any discovery having been exchanged.[4] Not only have Defendants not been served, but two of Defendants, who are named as John Doe and Jane Doe in the lawsuit, have yet to be identified. The only "evidence" in the record is Plaintiff's own pleadings, which are not verified and thus, fail to constitute competent summary judgment evidence.[5] Moreover,

---

[1] R. Doc. 8.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 4.
[4] *Cf. Jones v. ES & H, Inc.*, Civ. Action No. 11-1842, 2012 WL 3782403 (E.D. La. Aug. 31, 2012). *See also* Fed. R. Civ. P. 56(c) advisory committee's note (2010) ("Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had").
[5] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule

Plaintiff failed to follow the local rules in submitting his motion for summary judgment as his motion was not accompanied by a statement of material facts.[6] Accordingly, Plaintiff's Motion for Summary Judgment[7] should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment[8] be **DENIED** without prejudice.

Signed in Baton Rouge, Louisiana, on May 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346.
[6] *See* Local Rule 56(a).
[7] R. Doc. 8.
[8] R. Doc. 8.