# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PATRICK GUILLORY, JR.**                                        **CIVIL ACTION NO.**

**VERSUS**                                                                **18-846-SDD-EWD**

**ATTORNEY GENERAL, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 28, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PATRICK GUILLORY, JR.**                                    **CIVIL ACTION NO.**

**VERSUS**                                                             **18-846-SDD-EWD**

**ATTORNEY GENERAL, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Patrick Guillory ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this lawsuit pursuant to 42 U.S.C. § 1983 against John Doe A (the Attorney General), Darrl Vonnoy, John Doe, and Jane Doe on September 17, 2018.[1]  In an amended Complaint filed on May 8, 2019, Plaintiff dismissed John Doe A and Darrl Vonnoy and clarified that the remaining defendants, John Doe and Jane Doe, are sergeants at LSP that were "working the tier" when Plaintiff was allegedly beaten.[2]  It appears as though Plaintiff is alleging that John and Jane Doe failed to protect him in violation of the Eighth Amendment.[3]

On October 2, 2019, this Court ordered Plaintiff to show cause as to why his claims against Sergeants John Doe and Jane Doe should not be dismissed for failure to serve.[4]  Plaintiff has responded that he does not know how to serve Defendants because he is unaware of their names and is unable to obtain the names of Defendants until "D.O.C. is served."[5]  However, "D.O.C." is not a party to this case.  The only defendants remaining in this suit are John and Jane Doe.  Though this Court is sympathetic to Plaintiff's plight, Plaintiff had sufficient funds to pay the filing fee in this case.[6]  Because Plaintiff is not proceeding *in forma pauperis*, he is not automatically entitled

---

[1] R. Doc. 1.
[2] R. Doc. 11.
[3] R. Doc. 1, p. 4.
[4] R. Doc. 15.
[5] R. Doc. 16.
[6] R. Doc. 10.

to the benefit of service by the United States Marshals Service.[7]  Although Plaintiff is representing himself, *pro se* litigants are not excused from the requirements of the Federal Rules of Civil Procedure, including the service requirements of Rule 4(m).[8]

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed.  Local Civil Rule 41(b)(1)(A), provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 120 days after filing of the complaint."  Plaintiff instituted this action on or about September 17, 2018, and his last amended complaint was filed on May 8, 2019, nearly five months ago.  Plaintiff has yet to request service and thus, his claims are ripe for dismissal pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 41(b)(1)(A).

Even were Plaintiff's show cause response construed to be a request for service by the United States Marshals Service under Federal Rule of Civil Procedure 4(c)(3), Plaintiff's remaining claims should still be dismissed as such claims are prescribed. [9]

Because there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, federal courts borrow the forum state's general personal injury limitations period.[10]  In Louisiana, § 1983 claims must be filed within the one-year prescriptive period applicable to delictual (tort) actions.[11]

Although Federal Rule of Civil Procedure 15(c) provides that an amended complaint relates back to the filing of the original complaint where the amendment changes the party or the naming of the party against whom a claim is asserted, an amendment does not relate back when

---

[7] *See* 28 U.S.C. § 1915(d).
[8] *See Sanchez v. Perez*, 96 F.3d 1445, at *2 (5th Cir. Aug. 30, 1996).
[9] Although it is not clear when the incident about which Plaintiff complains occurred, as more than a year passed between the filing of Plaintiff's suit and his show cause response, Plaintiff's request for assistance with serving defendants was made too late.
[10] *Owens v. Okure,* 488 U.S. 235, 249–50 (1989).
[11] *See Robinson v. Cain, et al.*, 421 F. Appx. 411, 412 (5th Cir. 2011).

there is a lack of knowledge regarding the proper party.  Instead, only in instances of mistake or misidentification would an amendment naming a party relate back.[12]  Since Plaintiff does not know the names of the proper parties, as evidenced by the naming of John and Jane Doe, any amended complaint to name these parties would not relate back to the filing of the original complaint under Rule 15(c).  Though Plaintiff did not include the date the incident occurred in his Complaint, his Complaint was filed in September 2018, more than one year ago.  Because any amendment made at this time to name the proper parties would not relate back, Plaintiff's claims against the remaining defendants have prescribed.

## <u>RECOMMENDATION</u>

**IT IS RECOMMENDED** that Plaintiff's remaining claims against John Doe and Jane Doe be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 41(b)(1)(A).

Signed in Baton Rouge, Louisiana, on October 28, 2019.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *Furr v. City of Baker*, Civil Action No. 15-426, 2017 WL 3496497 (M.D. La. Aug. 15, 2017).